UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4733** |
| **NOPD SUPERINTENDENT MICHAEL S. HARRISON, ET. AL.** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Before the Court are Defendant Colonel Kevin Reeve's Motion to Dismiss (Rec. Doc. 35), Plaintiff Sean Robinson's Response in Opposition (Rec. Doc. 41), and Defendant's Reply (Rec. Doc. 45). For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

This is a civil rights case alleging violations of the Fourth and Fourteenth Amendment. Plaintiff is a 32-year-old resident of New Orleans, Louisiana. *See* Rec. Doc. 1 at 3. He was convicted of sexual battery in 2011 and therefore is required to register as a sex offender in accordance with state law. *See id*.[1] Defendant is being sued in his official capacity as Superintendent of the Louisiana State Police ("LSP"). *See* Rec. Doc. 35 at 4.

According to Plaintiff, he has "made bona fide efforts to pay all fees towards compliance with the Louisiana sex offender

---

[1] For the 2011 sexual battery, Plaintiff received a sentence of five years probation and five years suspended sentence. *See* Rec. Doc. 34 at 6. Subsequently, Plaintiff was convicted of Failure to Register in April 2014 and pled guilty to a second charge of Failure to Register in March 2018. *See id*.

1

statute" but his "poverty prevents him from attaining full compliance." Rec. Doc. 34 at 3. Specifcally, he has paid the annual registration fee of $60 and newspaper notice fee of $193.50 while being employed through a temp agency and receiving food stamps. *See id*. However, he has not paid the postcard notification fee of $861.50. *See* Rec. Doc. 41 at 5. Plaintiff claims that because of his inability to pay the postcard notification fee, he is under imminent arrest by the New Orleans Police Department and LSP. *See* Rec. Doc. 34 at 3.[2]

On July 17, 2018, Plaintiff filed an amended complaint alleging violations of the due process clause, equal protection clause, and probable cause requirement. *See id*. at 17. He also alleges that his harm can only be alleviated by injunctive relief. *See id*. at 17-18.[3] Thereafter, Defendant filed the instant motion to dismiss. *See* Rec. Doc. 35. Plaintiff responded. *See* Rec. Doc. 41. Defendant replied. *See* Rec. Doc. 34 at 45.[4]

---

[2] In addition to paying majority of the fees, Plaintiff has also consistently reported to NOPD as required, found housing, registered his address, submitted his landlord verification, and requested addition time pay due fees. *See* Rec. Doc. 41 at 5.
[3] Plaintiff states that "this lawsuit does not prevent the State from charging him with a crime, issuing a bill of information, or serving him with a summons to be arraigned on criminal charges. However, as it relates to [LSP], Plaintiff's [rights] are violated while he remains under imminent possibility of arrest according to Louisiana law." *Id.* at 3.
[4] After Plaintiff filed his Complaint, Defendant filed a motion to dismiss. *See* Rec. Doc. 27. Plaintiff did not file any opposition to the motion but filed a motion for leave to amend his Complaint. *See* Rec. Doc. 32. This Court granted that motion for leave and dismissed Defendant's motion to dismiss because Defendant filed the instant motion to dismiss. *See* Rec. Doc. Nos. 33, 36.

**LAW AND ANALYSIS**

    **A. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks

3

omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. Defendant is a "Person" Within the Meaning of Section 1983**

Section 1983 makes certain "persons" liable for deprivation of constitutional rights. *See* 42 U.S.C. 1983. Specifcally, in relevant part, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

To prove a claim under this section, a plaintiff must prove that a "person", acting under the color of law, deprived him or her of rights, privileges, or immunities secured by the Constitutions and laws of the United States. *See Lumpkins v. Office of Cmty. Dev.*, 621 Fed. Appx. 264, 268 (5th Cir. 2015).

Historically, there was conflict surrounding the issue of whether a state, or an official of a state while acting in his or her official capacity, is a "person" within the meaning of Section 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 61-64 (1989)(referencing several holdings to illustrate the conflict). Today, there is less conflict. In fact, as Defendant contends, it is well established that neither a state nor its officials in their official capacities are "persons" under Section 1983. *See Will*, 491 U.S. at 71. However, Defendant overlooks that a state official

4

sued in his or her official capacity for **injunctive relief** is a suable "person" under Section 1983. *See id*. at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908)).

Defendant argues that Plaintiff alleges facts as it relates to LSP, not him as Colonel Reeves. *See* Rec. Doc. 35-1; Rec. Doc. 45 at 2. This argument fails as Plaintiff is expressly suing Colonel Reeves only in his official capacity as Superintendent Colonel of LSP. *See Will*, 491 U.S. at 71 ("The Supreme Court [of the United States] has held that a lawsuit against a state employee in his [or her] official capacity is equivalent to an action against the state itself."); *see also* La. R.S. § 40:1301 (showing that LSP is an arm of the state).

Defendant argues in his Reply that Plaintiff cannot sue LSP under Section 1983 because LSP is not a suable "person" within the meaning of the section. *See* Rec. Doc. 45 at 1. This argument also fails because, as laid out clearly in Plaintiff's First Supplemental and Amended Complaint, Plaintiff is seeking injunctive relief.[5] *See Doe v. Caldwell*, 913 F. Supp. 2d 262, 272

---

[5] Specifically, Plaintiff requests that this Court (a) issue a temporary restraining order and/or preliminary injunction barring the Defendants from arresting Plaintiff for failure to pay sex offender registration notification fees; (b) issue a temporary restraining order and/or preliminary injunction requiring the recall of any already issued warrants related to Plaintiff's failure to pay sex offender registration notification fees; (c) issue a permanent injunction barring the Defendants from arresting Plaintiff for failure to pay sex offender registration notification fees; (d) issue a permanent injunction requiring the recall of any already issued warrants related to Plaintiff's failure to pay sex offender registration notification fees; (e) issue a declaratory judgment that the lack of a general fee waiver provision in

(E.D. La. 2012) citing *Will*, 491 U.S. at 71 n.10. Therefore, Defendant is a "person" under Section 1983.

### C. The Doctrine of Ex Parte Young Applies

Now that we have established that Defendant is a "person" and therefore can be sued under Section 1983, we will continue our analysis to establish whether Plaintiff may maintain his claim against Defendant by way of an exception.

Specifically, the doctrine of *Ex parte Young* is a narrow exception to the rule that official-capacity actions represent actions against the state. *See Mathia v. Bd. of Supervisors of La. State Univ.*, 959 F. Supp. 2d 951, 957-58 (E. D. La. 2013) citing to *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 145-48 (1908)).[6] This exception "rest on the premise that when a federal

---

the Louisiana Sex Offender Registration law for indigent persons who have paid some but not all fees is unconstitutional as applied to Mr. Robinson according to the Fourth and Fourteenth Amendments to the United States Constitution; (f) issue a judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that the state of Louisiana and its agencies cannot arrest indigent registrants who have made bona fide efforts to comply with the sex offender statute; (g) award attorney fees and costs to plaintiff in accordance with 42 U.S.C. § 1988 and 28 U.S.C. § 1920; (h) grant such other relief as the Court finds just and proper. *See* Rec. Doc. 34 at 17-18.

[6] In *Blanchard v. Forrest*, 1994 U.S. Dist. LEXIS 12697 *1, *7 (E.D. La. 1994) this Court states:

> The Fifth Circuit has recently recognized the distinction between a suit against a state official for monetary damages and one for prospective relief in *American Bank and Trust Co. of Opelousas v. Dent*, 982 F.2d 917 (5th Cir. 1993). There the bank sued, seeking declaratory judgment that a Louisiana statute allegedly prohibiting the bank from selling insurance was unconstitutional and also seeking an injunction against any acts by the Louisiana Commissioner of Financial Institutions to enforce the allegedly unconstitutional statute. *Id.* at 918. The bank alleged that the statute denied the bank equal protection of the law

court commands a state official to do nothing more than refrain from violating federal law, [the official] is not the state . . . ." *See Caldwell*, 913 F. Supp. 2d at 272 citing to *Virginia Office for Protection and Advocacy v. Stewart*, 131 S.Ct. 1632, 1637 (2011).[7]

To establish whether Plaintiff may maintain his claim under the *Ex parte Young* exception "[this] Court need only conduct a straightforward inquiry into whether [Plaintiff's First Supplemental and Amended Complaint] alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *See Mathia*, 959 F. Supp. 2d at 957-58 citing to *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Furthermore, Plaintiff must show "some connection" between the state official here and the enforcement of the disputed unconstitutional state act. *See Caldwell*, 913 F. Supp. 2d at 272. The state official must be acting, threatening to act, or at least

---

pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. *Id.* at 919.

In overturning a dismissal for lack of subject matter jurisdiction, the Fifth Circuit stated: *[Ex parte] Young* established the principle that the Eleventh Amendment does not bar a Suit in federal court against a state official to enjoin his enforcement of a state law alleged to be unconstitutional. The Supreme Court, though it has clarified that Young cannot be extended to permit a Suit for equitable monetary restitution from the state treasury for a past breach of a legal duty, has reaffirmed the basic holding of Young as to purely prospective relief on numerous occasions. [Citations omitted.] *Id.* at 920.

[7] *See also Doe v. Caldwell*, 913 F. Supp. 2d 262, 272 (E.D. La. 2012) citing to *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)(*Ex parte Young* "is based on the legal fiction that a sovereign state cannot act unconstitutionally[; t]hus, where a state actor enforces an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit.").

have the ability to act to enforce the unconstitutional state act. *See Sonnier v. Crain*, 649 F. Supp. 2d 484, 493 (E.D. La. 2009). The state official must not have a general duty to see that the laws of the state are implemented but a particular duty to enforce the law in question. *See Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). This "some connection" requirement is designed to prevent litigants from misusing the *Ex parte Young* exception. *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). It is important to note that the "some connection" requirement is not a hard requirement to meet. It is a threshold question. As the Fifth Circuit has observed:

> Ex Parte Young gives some guidance about the required "connection" between a state actor and an allegedly unconstitutional act. "The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists." *See LeBlanc*, 627 F.3d at 124 (quoting *Ex parte Young*, 209 U.S. at 157).

Defendant mainly relies on three cases to support his argument that Plaintiff fails to meet the "some connection" requirement. *See* Rec. Doc. 45 4-8. In two of the three cases, courts found that the "some connection" requirement is met. In this case, this Court finds the same.

Plaintiff's lawsuit satisfies the straightforward inquiry: he alleges ongoing violations of Fourth and Fourteenth Amendment rights and seeks prospective relief from remaining under imminent possibility of arrest. *See Caldwell*, 913 F. Supp. 2d at 273. Furthermore, Plaintiff shows "some connection" between Defendant and the disputed unconstitutional arrest. La. R.S. 15:540 requires sex offenders to register with state law enforcement agencies. La. R.S. 15:552 explains LSP's involvement with apprehension of sexual offenders and persons required to register. *See Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017)(finding that the *Ex parte Young* exception applied because state defendants were clearly involved in the challenged scheme and its enforcement); *see also Sonnier*, 649 F. Supp. 2d at 493 (finding that the *Ex parte Young* exception applied to an assistant vice president that was specifically listed in the applicable policy).

This is not a case against a governor for his or her connection to a disputed unconstitutional state act. *See e.g., King v. State ex rel. Jindal*, 2013 U.S. Dist. LEXIS 148849 *1, *6 (E.D. La. 2013)(dismissing the governor as a party but not the attorney general). This is a case against a Colonel Superintendent of LSP for his connection to the state police's power to arrest

9

non-compliant sex offenders. *See Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014)(dismissing the governor as a party and substituting he executive director of the Texas Department of Criminal Justice in his official capacity). Therefore, Defendant remains part of this lawsuit because Plaintiff states a claim upon which relief can be granted.

New Orleans, Louisiana, this 19th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE