**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SEAN ROBINSON                                    CIVIL ACTION

VERSUS                                           NO. 18-4733

NOPD SUPERINTENDENT                              SECTION: "B"(1)
MICHAEL S. HARRISON, ET AL.

<u>OPINION</u>

I.   **NATURE OF MOTIONS AND RELIEF SOUGHT**

Before the Court are:

(1)   defendant Colonel Kevin Reeves'[1] ("LSP") motion for
      summary judgment (Rec. Doc. 72);

(2)   defendants Superintendent Michael Harrison, Sergeant
      Lawrence Jones, Detective Reuben Henry, and Detective
      Orlynthia Miller's[2] ("NOPD") motion to dismiss or in the
      alternative motion for summary judgment (Rec. Doc. 80);

(3)   plaintiff's motion for summary judgement (Rec. Doc. 73);

(4)   all parties' responses in opposition to each motion for
      summary judgment (Rec. Docs. 81, 82, 83);

---

[1] In his official capacity as superintendent for the Louisiana State Police
("LSP").
[2] All defendants are being sued in their official capacities.

(5)   all parties' reply's in opposition (Rec. Docs. 87, 89, 92);

(6)   defendants NOPD's supplemental memorandum in support of its motion to dismiss (Rec. Doc. 116); and

(7)   plaintiff's sur-reply in opposition to defendants NOPD and LSP's motions for summary judgment (Rec. Doc. 106).

For the reasons and limitations outlined below,

**IT IS ORDERED** that defendant LSP's motion for summary judgment (Rec. Doc. 72) is **GRANTED;**

**IT IS FURTHER ORDERED** that defendant NOPD's motion to dismiss or alternatively for summary judgment (Rec. Doc. 80) is **GRANTED;**

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Rec. Doc. 73) is **DENIED;** and

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED. (**Rec. Docs. 101,102,103)

## II.  FACTS AND PROCEDURAL HISTORY

This is a civil rights case alleging violations of the Fourth and Fourteenth Amendments. At the time that the First Supplemental and Amended Complaint (Rec. Doc. 34) was filed, Plaintiff Sean Robinson was a 32-year-old resident of New Orleans, Louisiana. *See* Rec. Doc. 34 at ¶ 22. He was convicted of sexual battery in 2011 and is required to register as a sex offender in accordance with state law. *See id*. at ¶ 5. Defendant Colonel Kevin Reeves ("LSP")

2

is being sued in his official capacity as Superintendent of the Louisiana State Police. *See* Rec. Doc. 35 at 4. Defendants Superintendent Michael Harrison, Sergeant Lawrence Jones, Detective Reuben Henry, and Detective Orlynthia Miller ("NOPD") are all employed by the New Orleans Police Department and are being sued in their official capacities only. *See* Rec. Doc. 34 at ¶¶ 9-17.

Plaintiff is considered a "Tier I sex offender" under Louisiana law, and as such he is required to register as a sex offender for a period of fifteen (15) years. *Id*. at ¶ 24. If plaintiff became incarcerated for any reason, "other than a misdemeanor arrest or conviction, or for a felony arrest, which does not result in a conviction," his registration period recommences on the day he is released, with no credit offered for his previous compliance. *Id*. Plaintiff received a sentence of five (5) years' probation and a five-year suspended sentence for his 2011 sexual battery conviction. *Id*. Plaintiff was convicted of Failure to Register on April 14, 2014 and plead guilty to a second charge of Failure to Register on March 6, 2018. *Id*. at ¶¶ 25-26. He was incarcerated for "failure to secure housing and pay fines and fees from 2011 to 2014, and in 2014 was sentenced to serve the remainder of his five (5) year suspended sentence from his 2011 sexual battery conviction. *Id*. at ¶ 27.

Plaintiff was released on August 5, 2017 and was homeless until he obtained housing in January of 2018. *Id.* at ¶¶ 28-29. Plaintiff complied with the sex offender registration requirements by paying both the annual registration fee of $60.00 and $193.50 to publish notice in the newspaper, as required by the Louisiana Sex Offender Statute.[3] *Id.* at ¶ 33. Plaintiff alleges that he is unable to pay the cost of the community notification requirement to send post cards to all neighbors within a one-mile radius of his home.

On March 13, 2018, plaintiff met with Detective Rueben Henry ("Detective Henry") and was unable to pay for the community notification postcards at a cost of $861.50. *Id.* at ¶ 36. At

---

[3] The relevant statutes state in pertinent part:

"A.  Any adult residing in this state who has pled guilty to . . . a sex offense as defined in R.S. 15:541 . . . shall be required to provide the following notifications . . . (2)(a)  Give notice of the crime for which he was convicted, his name, jurisdiction of conviction, a description of his physical characteristics as required by this Section, and his physical address by mail to all people residing . . . within twenty-one days of the date of release from confinement or within twenty-one days of establishing residency in the locale where the offender plans to have his domicile, and the notice shall be published . . . without cost to the state, in the official journal of the governing authority of the parish where the defendant plans to reside and, if ordered by the sheriff or police department or required by local ordinance, in a newspaper which meets the requirements of R.S. 43:140(3) . . ." LA. REV. STAT. § 15:542.1 (A)(2)(a).

D.  The offender shall pay to the appropriate law enforcement agencies with whom he is required to register . . . an annual registration fee of sixty dollars to defray the costs of maintaining the record of the offender . . . Failure by the offender to pay the fee within thirty days of initial registration shall constitute a failure to register and shall subject the offender to prosecution under the provisions of R.S. 15:542.1.4(A)(3).

LA. REV. STAT. § 15:542 (D).

plaintiff's next meeting on April 12, 2018, accompanied by a paralegal from the New Orleans Public Defender's Office, he met with Detective Orlynthia Miller ("Detective Miller"). *Id*. at ¶ 38. Plaintiff informed Detective Miller that he still did not have the required funds to pay for his community notification postcards. *Id*. Detective Miller then phoned an unidentified person and asked how she should proceed because of plaintiff's non-compliance with the Louisiana Sex Offender law for failure to complete postcard notifications within 21 days. *Id*. Detective Henry soon thereafter arrived in the office and informed plaintiff that he would not issue a warrant that day and provided him with four weeks to obtain the required funds. *Id*. Detective Henry further noted that after May 11, 2018, a warrant would be issued for his arrest if he failed to comply with the notification requirements.[4] *Id*. On May 4, 2018, Counsel for plaintiff sent a letter to Superintendent Michael Harrison ("Superintendent Harrison") stating that plaintiff had been declared indigent by a Criminal District Court Judge on January 3, 2018.[5] *See id*. at 44.  Superintendent Harrison has yet

---

[4] To this date, plaintiff has not been arrested, nor has a warrant been issued for his arrest.

[5] On June 8, 2017, the New Orleans Public Defenders Office sent a letter to Superintendent Harrison requesting that individuals not be placed under arrest for failure to complete sex offender registration requirements due to indigency, who are making good faith efforts to comply with registration and notification requirements. Superintendent Harrison responded on August 2, 2017 by letter and indicated that upon receipt of a "determination by a court" of indigency, the NOPD would honor such order. Further, plaintiff's indigent status was reaffirmed on June 22, 2018. See Rec. Doc. 31

to respond to plaintiff's May 4, 2018 letter asserting the indigency of plaintiff. *Id.*

Plaintiff filed suit on May 8, 2018 requesting a temporary restraining order and preliminary injunction to prevent the NOPD and LSP from arresting and incarcerating him for failure to comply with sex offender registry and notification requirements due to indigency. *See* Rec. Doc. 1. Plaintiff's complaint alleges: (1) Louisiana Revised Statute 15:541 *et seq.*, violates plaintiff's right to procedural due process and substantive due process rights by "infringing upon fundamental fairness"; (2) Louisiana Revised Statute 15:541 *et seq.*, is unconstitutional under the Equal Protection Clause because it "infring[es] upon fundamental fairness"; (3) and no probable cause exists to arrest plaintiff under the Fourth amendment because there is no "proof of an intentional failure to pay." Rec. Doc. 34 at ¶¶ 69–76.

Plaintiff specifically requests this Court: (1) order a temporary restraining order and/or preliminary injunction barring defendants from arresting plaintiff for failure to comply with the community notification requirements and requiring the recall of any warrants currently outstanding relating to plaintiff's failure to pay for community notification; (2) issue a permanent injunction barring defendants from arresting plaintiff for failure to pay sex offender notification fees and requiring the recall of any outstanding warrants for plaintiff's failure to comply with the

same; (3) issue a declaratory judgment that "the lack of a general fee waiver provision" for indigent persons subject to the Louisiana Sex Offender Registration law is unconstitutional as applied according to the Fourth and Fourteenth amendments; (4) issue an order pursuant to 28 U.S.C. §§ 2201-2202 declaring the state of Louisiana and its agencies cannot arrest indigent registrants who have made bona fide efforts to comply; and (5) award attorney's fees to plaintiff. *Id.* at p. 17-18.

On May 10 plaintiff was directed to file a motion in Louisiana state court requesting review and clarification of the State trial court's previous determination as to plaintiff's indigent status. Rec. Doc. 16 at 2. That same order required defendants to "provide advance notice to this Court and the State court of any decision to request issuance of a warrant for plaintiff's arrest in conjunction with his failure to pay the registry or notification costs or fees at issue." *Id.* Subsequently, plaintiff filed his motion with the State court as directed, and then requested a meeting with Detective Henry to inquire about a possible payment plan for the community notification requirements. Rec. Doc. 34 at ¶¶ 49-50. It is alleged that Detective Henry did not respond to this inquiry. *Id.* at ¶ 50.

On June 22, 2018, the State court ruled that it did not have the ability to rule on the willfulness issue under *Bearden v. Georgia*, 461 U.S. 660 (1983), nor whether the $861.50 post card

notification fee was waivable. *See* Rec. Doc. 31. Further, by letter dated June 26, 2018, plaintiff requested a meeting with the NOPD regarding his sex offender registration compliance and notified the NOPD that a state court had recently declared him indigent. Rec. Doc. 34 at ¶¶ 56–57; *see also Exhibit A to Plaintiff's Amended and Supplemental Complaint*. The NOPD has failed to respond to plaintiff's June 26, 2018 letter. As of this date, to this Court's knowledge, plaintiff has not yet been arrested nor has a warrant been issued for his arrest due to his lack of compliance with the Louisiana Sex Offender Registration law.

## III. PARTIES' CONTENTIONS

### A. Defendant NOPD's Contentions

Defendant NOPD has filed a motion to dismiss or in the alternative for summary judgment asserting there are no factual allegations in plaintiff's amended complaint giving rise to a plausible claim for relief against defendant NOPD. Rec. Doc. 80. Defendant NOPD asserts that plaintiff's entire case should be dismissed for failure to state a claim, or in the alternative that summary judgment is proper in defendant NOPD's favor. *See id*.

Defendant NOPD asserts plaintiff has failed to allege a claim upon which relief can be granted, pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Defendant contends that plaintiff has failed to identify a "Municipal Policy" promulgated

by the NOPD, an essential showing under *Monell*. Rec. Doc. 80-1 at 10.

Defendant NOPD then turns to the Fourteenth Amendment, asserting plaintiff has failed to state a plausible claim for which relief can be granted for violation of plaintiff's substantive due process rights, procedural due process rights, or the Equal Protection Clause. *Id.* at 15–20. First, defendant asserts plaintiff has failed to articulate a fundamental right that has been infringed upon by defendant's actions. *Id.* at 16. Second, defendant asserts plaintiff has failed to allege a valid Equal Protection claim because plaintiff "neglected to allege that he was treated differently from those that are similarly situated." *Id.* at 18. Third, defendant asserts that plaintiff's reliance on *Bearden v. Georgia*, and its predecessors, *Williams v. Illinois* and *Tate v. Short*, is misplaced. *Id.* Specifically, defendant NOPD contends that the community notification is not a "fine or fee," unlike the fee in *Bearden*, which required a defendant to pay restitution resulting from burglary and theft convictions. *Id.* at 19. Defendant also asserts that plaintiff has no standing to challenge a violation of his Fourth Amendment rights. *Id.* at 21. Specifically, because "he has not yet suffered an injury-in-fact" as plaintiff has not yet been arrested, imprisoned, nor has a warrant been issued for non-compliance with the community notification requirements. *Id.* at 21–23.

Defendant NOPD then turns to plaintiff's request for an injunction. Defendant contends that plaintiff is not entitled to an injunction because: (1) plaintiff cannot establish substantial likelihood of success on the merits of his claim; (2) plaintiff has failed to show a substantial threat of irreparable injury as a result of not granting the injunction; (3) the threat of injury resulting from not granting the injunction does not outweigh the harm caused as a result of granting the injunction; and (4) if an injunction is granted then it will disserve the public interest. *Id.* at 23–28.

**B. Defendant LSP's Contentions**

Defendant LSP has filed a motion for summary judgment (Rec. Doc. 72) asserting that there is no genuine issue of material fact, LSP is entitled to a judgment as a matter of law, and this Court should dismiss all claims against LSP. Rec. Doc. 72.

First, Defendant LSP asserts plaintiff lacks standing to bring an action against the State Police because, "he is not under an imminent threat of arrest by the State Police." Rec. Doc. 72-2 at 2. Further, defendant LSP asserts that even if the relief sought by plaintiff is granted, it will not bind all law enforcement agencies and plaintiff will still be subject to arrest by another agency, thus providing no redress for plaintiff's alleged injury. *Id.* In the alternative, defendant LSP asserts that if all law enforcement agencies are bound by this Court's order, then those

agencies are all necessary parties under Federal Rule of Civil procedure 19 and are required to be named for the suit to proceed. *Id.*

Second, defendant LSP contends that local law enforcement monitors and enforces sex offender registration, community notice requirements, and sex offenders' compliance therewith, not the State Police. Rec. Doc. 72-2 at 5. Defendant LSP asserts that they have not threatened plaintiff with arrest nor have they threatened issuing a warrant for plaintiff's arrest for failure to comply with his community notification requirement. *Id.* Defendant LSP further contends that the State Police do not actively monitor compliance with sex offender registration and notification requirements, and "typically only conduct a compliance check after being contacted and provided information from the *local* or managing law enforcement agency . . ." *Id.* (emphasis added).

Third, defendant LSP asserts that plaintiff's circumstances have improved, thus rendering his claims moot. *Id.* at 8. Defendant also argues that plaintiff previously had funds to pay for his community notification, by way of an inheritance. Further, defendant contends that plaintiff has been employed since August 2019, working 30-40 hours per week, and making $9 per hour. *Id.* at 8-9. Defendant argues that this change in financial circumstances renders plaintiff's claim that he is indigent and unable to pay, moot. *Id.*

11

Finally, defendant asserts that *Bearden* is not applicable to plaintiff's claim, as it does not mandate police to conduct indigency determination hearings *prior* to an arrest being made. *Id.* at 2 (emphasis in original). Specifically, defendant contends that *Bearden* concerns post-arrest proceedings, while the controversy at issue in this case concerns "what is required of a police officer prior to arrest." *Id.* at 13.   Defendant asserts that any determination by police officers regarding the indigency of a sex offender before issuing warrants for arrest for noncompliance would effectively usurp the role of the judiciary. *Id.*

**B. Plaintiff's Contentions**

Plaintiff has filed a motion for summary judgment regarding his first, second, and third claims. Rec. Doc. 73. Plaintiff seeks granting of his motion for summary judgment, and an entry of declaratory relief and a permanent injunction. Plaintiff requests that this court declare La. Rev. Stat. Ann. § 15:542.1.2(A)(1) & (2) unconstitutional as they violate the Fourteenth Amendment of the United States Constitution and that arresting plaintiff for violation of La. Rev. Stat. Ann. § 15:542.1.2(A)(1) & (2) violates the Fourth Amendment of the United States Constitution as there is no probable cause to believe he has willfully refused to pay his required fees. Rec. Doc. 73 at 1-2. Plaintiff also seeks this Court to permanently enjoin defendants NOPD and LSP from seeking a

warrant or arresting plaintiff based on his failure to provide community notifications. *Id*. at 2.

Plaintiff asserts that the Registry Statute violates his due process and equal protection rights against punishment for inability to pay, as articulated in *Bearden v. Georgia*, 461 U.S. 660 (1983). Plaintiff contends that the relevant provisions of Section 15:542.1.4 should be declared unconstitutional and enjoined. Alternatively, Plaintiff asserts that if the relevant provisions of the statute are not stricken, that defendants enforcement policy and practice of seeking an executing arrest warrants that are "unsupported by evidence of willfulness violate the Fourth Amendment's probable cause requirement." Rec. Doc. 73-1 at 6.

In plaintiff's consolidated opposition to defendants' motions, he urges denial of defendants' motions entirely and instead grant of plaintiff's motion for summary judgment.

First, plaintiff contends that he has standing to pursue this action. As to defendant NOPD, plaintiff asserts that this Court has already determined that under *Ex parte Young*, a city official enforcing a state statue may be sued under 42 U.S.C. § 1983, and that defendant NOPD has conceded that the risk of arrest is enough to confer standing. Rec. Doc. 83 at 3. As to defendant LSP's claim that plaintiff's claim is moot due to a change in financial circumstance, plaintiff asserts that his circumstances have not

changed in such a way as to enable him to pay for the community notifications. *Id*. Further, as to defendant LSP, plaintiff contends that the relief sought need not address every injury, and that current relief sought, if granted, will redress his injury as to all named defendants, which is sufficient to meet the redressability requirement. *Id*.

Next, plaintiff contends that he has sufficiently alleged causes of action under both the Fourteenth and Fourth Amendments to the United States Constitution. *Id*. at 11. First, plaintiff asserts that *Bearden* governs the instant case because it requires "the imprisonment of and an assessment of fines against individuals who fail to pay the costs necessary to provide community notification, without requiring an ability-to-pay determination . . ." *Id*. Second, plaintiff asserts that *Bearden* is not limited to imprisonment for failure to pay fines, as suggested by defendant NOPD. *Id*. Third, plaintiff asserts that he does not seek a "pre-arrest *Bearden* hearing" and that defendants have mischaracterized his claim. *Id*. at 13. Instead, plaintiff contends that they seek a declaration that Louisiana Revised Statute 15:542.1 is unconstitutional because it does not include language allowing a consideration of their ability and willingness to pay for the registration and notification fees. *Id*. Fourth, plaintiff argues that there is no existing state court process that would allow a court to inquire as to a sex offender's ability to pay or his

willfulness. *Id*. at 14. Fifth, plaintiff asserts that he has properly alleged an Equal Protection claim due to the wealth-based distinction allegedly created by the statute at issue, and that the court in *Bearden* concluded that a traditional equal protection analysis is not favored, and the modified standard articulated in *Bearden* is correct. *Id*. at 16.

Finally, plaintiff asserts that he meets the requirements for imposing a permanent injunction. Plaintiff contends that he has shown that: (1) there is a substantial probability of success on the merits; (2) irreparable injury; (3) that any injury to the plaintiff will outweigh any injury to the opposing party; and (4) the injunction will not disserve the public interest. *Id*. at 17. Specifically, plaintiff asserts that defendant NOPD incorrectly analyzes the third element of an injunction as between the plaintiff and the public, not between the plaintiff and defendant. *Id*. at 18. Plaintiff further asserts that "'it is always in the public interest to prevent the violation of a party's constitutional rights'" in support of the fourth element of the permanent injunction analysis. *Id*. at 18 (quoting *Jackson Women's health Org. v. Currier*, 760 F. 3d 448, 458 n.9 (5th Cir. 2014).

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence,

thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

**B. Motion to Dismiss Pursuant to FRCP 12(b)(6)**

Rule 12(b)(6) is designed to test the pleadings. "A district court may, in its discretion, treat a motion to dismiss as a motion for summary judgment and consider evidence outside of the pleadings." *Beiller v. Atlantic Specialty Ins. Co.*, No.16-512, 2016 WL 915424, at *2 (E.D. La. March 10, 2016); *see* Fed. R. Civ. P. 12(d); *see also Soley v. Star & Herald Co.*, 390 F.2d 364, 366 (5th Cir. 1968). As defendant NOPD has presented matters outside of the pleadings with their motion to dismiss, this Court will construe defendant NOPD's motion to dismiss for failure to state a claim, or alternatively for motion for summary judgment, as a motion for summary judgment under Rule 56, in accordance with Rule 12(d). *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 610 (E.D. La. 1998) ("When matters outside the pleadings are

presented to and not excluded by the court, a Rule 12(b)(6) motion is converted into a motion for summary judgment.").

   C. *Standing*

   Both defendants LSP and NOPD contend that plaintiff lacks standing to bring suit against either of them. Defendant LSP contends that the LSP does not enforce the community notification obligations pertaining to sex offenders, nor have they issued a warrant, attempted to arrest, or threatened to arrest plaintiff for his violations of those obligations. Rec. Doc. 72-2 at 5. Defendant NOPD also argues that plaintiff cannot establish *Monell* liability to bring suit against defendant NOPD. Defendant NOPD argues that plaintiff does not have standing to bring suit against defendant NOPD as defendant has not yet arrested, but only "threatened" to arrest plaintiff. Rec. Doc. 80-1 at 13. Plaintiff counters that under *Ex parte Young*, those enforcing a statute may properly be sued under 42 U.S.C. § 1983, rendering the *Monell* liability analysis inapplicable to the instant case. Plaintiff further alleges that a threat of arrest is sufficient to create standing in the instant matter.

   *a. Monell* liability

   Defendant NOPD asserts that there are no factual allegations giving rise to a plausible claim for relief against the officers of the New Orleans Police Department, because the suit was brought against individual NOPD officers in their official capacity. *See*

Rec. Doc. 80-1 at 7. As such, defendant contends that the suit is effectively against the City of New Orleans, a municipality, and plaintiff has the burden of proving that there was a constitutional deprivation and that an official municipal policy was the moving force for the deprivation, under *Monell*. Rec. Doc. 80-1 at 8. This argument is misguided.

In *Monell v. New York Department of Social Services*, the United States Supreme Court held that a municipality may not be held liable under § 1983 on the basis on *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). Instead, for a municipality to be liable under § 1983, plaintiff has the burden of proving that there is a (1) constitutional deprivation and (2) that a municipal policy was the "moving force" behind said deprivation. *Id.* *Monell* is only applicable when municipal officials act in their local capacity, not where municipal officials perform actions as a state actor*. See Viet Anh Vo*, 2017 WL 1091261, at *4 (citing *Cain v. City of New Orleans*, No. 15-4479, 2017 WL 467685 (Feb. 3, 2017).

In defining a state actor, the Fifth Circuit has held that when a municipal official is enforcing state law, that he is acting as a state official. *See Echols v. Parker*, 909 F. 2d 795, 801 (5th Cir. 1990); *see also Viet Anh Vo v. Gee*, No. 16-15639, 2017 WL 1091261, at *4 (Mar. 23, 2017). The Fifth Circuit explains:

> [T]he State cannot dissociate itself from actions taken under its laws by labeling those it commands to act as local officials. A county official pursues his duties as a state agent when he is enforcing state law or policy. He acts as a county agent when he is enforcing county law or policy. It may be possible for the officer to wear both state and county hats at the same time, but when a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official."

*Echols*, 909 F.2d at 801 (internal citations omitted). Thus, a municipal official that is enforcing state law will be regarded as a state official.

As previously stated, a municipal official that is actively enforcing state law is considered a state official. Here, defendant NOPD's officers were enforcing the Louisiana Sex Offender law registry and community notification requirements. Therefore, they are considered state actors.

### b. Ex Parte Young

Plaintiff has standing to bring suit against defendants NOPD and LSP under the *Ex parte Young* exception. To establish whether plaintiff may maintain his claims under the *Ex parte Young* exception "[this] Court need only conduct a straightforward inquiry into whether [Plaintiff's First Supplemental and Amended Complaint] alleges [1] an ongoing violation of federal law and [2] seeks relief properly characterized as prospective." *See Mathia v. Bd. Of Sup'rs of Louisiana State University and Agr. Mech. College*,

959 F. Supp. 2d 951, 957-58 citing to *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

Furthermore, plaintiff must show "some connection" between the state official, and the enforcement of the disputed unconstitutional state act. *See Doe v. Caldwell,* 913 F. Supp. 2d 262, 272 (E.D. La. 2012). The state official must be acting, *threatening to act*, or at least have the ability to act to enforce the unconstitutional state act. *See Sonnier v. Crain*, 649 F. Supp. 2d 484, 493 (E.D. La. 2009). The state official must not have a general duty to see that the laws of the state are implemented but a particular duty to enforce the law in question. *See Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). This "some connection" requirement is designed to prevent litigants from misusing the *Ex parte Young* exception. *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). It is important to note that the "some connection" requirement is not a hard requirement to meet. It is a threshold question. As the Fifth Circuit has observed:

> *Ex Parte Young* gives some guidance about the required "connection" between a state actor and an allegedly unconstitutional act. "The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists."

*See id.* (quoting *Ex parte Young*, 209 U.S. at 157).

The *Ex parte Young* exception is appropriate here because defendant NOPD is acting as state actor when it enforces the provisions of Louisiana Revised Statute 15:540 *et seq*. Further, the alleged constitutional violations, namely the imminent arrest of plaintiff for failure to meet the community notification requirements without inquiry into his indigent status, are ongoing, as plaintiff has still not paid for his community notifications. These same reasons also hold true for defendant LSP, as noted in this Court's Order and Reasons denying defendant LSP's motion to dismiss. Rec. Doc. 35 at 7-8.

There is also "some connection" between defendant NOPD and the enforcement of the registration and notification statute because Louisiana Revised Statute 15:542 requires sex offenders who "reside[] in a municipality with a population in excess of three hundred thousand persons" to "register in person with the police department of the municipality of residence." LA. REV. STAT. § 15:542 B(1).

Finally, the relief sought can be fairly characterized as prospective as plaintiff requests injunctive relief. *See generally* Rec. Doc. 34; *see also Viet Anh Vo*, 2017 WL 1091261, at *4 (citing *Cain v. City of New Orleans*, No. 15-4479, 2017 WL 467685 (Feb. 3, 2017). As such, plaintiff need not meet the requirements set forth in *Monell,* and the action may continue under the exception noted in *Ex parte Young* with respect to both defendants.

### c. Injury in Fact – Fourth Amendment

Defendant NOPD also contends that plaintiff lacks standing to bring suit, as he has suffered no injury in fact because he has not been arrested or imprisoned for failure to pay his community notification obligations. Rec. Doc. 80-1 at 23. Plaintiff contends that the allegation of a future injury may suffice to bestow standing, if the threatened injury is certainly impending or there is substantial risk that the harm will occur. Rec. Doc. 83 at 6-7.

To have Article III standing, the Supreme Court has set forth the analysis for Article III standing as follows:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(internal quotations and citation omitted). Further, the Fifth Circuit has also held that the "allegation of a future injury" can suffice if the injury is "certainly impending, or there is a substantial risk that the harm will occur." *Cruz v. Abbott*, 849 F.3d 594, 598 (5th Cir. 2017)(quoting *Susan B. Anthony List v. Driehaus*, 573 U.S.

149, 158 (2014)). Therefore, a plaintiff need not await prosecution in order to seek relief. *Id.*

Here, it is undisputed that plaintiff has failed to abide by the registry and notification requirements and is subject to arrest and subsequent prosecution from both defendants NOPD and LSP. This Court finds that plaintiff has standing, as his injury in fact is certainly impending, and there is a substantial risk that either defendant could effectuate an arrest warrant against plaintiff, notwithstanding the fact that one has yet to be issued against him.

**D. Mootness**

Defendant LSP contends that plaintiff's claims are moot and that he is able to pay for the community notification obligations, as plaintiff: (1) received a life insurance pay-out following the death of his mother in April of 2013[6]; (2) that his life circumstances have changed, namely that he has found new employment, is working more hours, and continues to receive SNAP benefits; (3) plaintiff's rent has decreased; and (4) plaintiff has no other bills and does not pay child support. Rec. Doc. 72-2 at 9-10. Plaintiff contends that he is unable to pay his costs associated with the community notification requirements. Rec. Doc. 83 at 8. Specifically, plaintiff contends: (1) that he has lived

---

[6] Approximately $3,500.00. Rec. Doc. 72-2 at 9 (citing Exhibit B, pp. 101-102).

under the poverty line since his released from custody in 2017; a Louisiana state court found him indigent in January and June of 2018; and (3) he has applied for "over 100 jobs but until recently was unable to secure a full-time, permanent job." *Id.*

There is a genuine dispute of material fact as to whether plaintiff is able to pay for his community notifications, as LSP contends that he has the ability, and plaintiff asserts that he lacks the ability. Thus, this Court is preempted from rendering summary judgment on whether his claim has been mooted by his alleged change in financial circumstances.

### E. *Bearden* v. *Georgia* is not applicable to the facts of this case, and therefore forecloses several of plaintiff's theories of recovery.

Defendant LSP contends that plaintiff seeks a pre-arrest *Bearden* type hearing by the New Orleans Police Department and/or the Louisiana State Police, which defendant contends is an issue under the Fourth Amendment and inapposite under *Bearden v. Georgia*. Rec. Doc. 72-2 at 12. Plaintiff claims that defendant LSP "misunderstands" plaintiff's argument, and plaintiff seeks a declaratory judgment that Louisiana Sex Offender Law, Louisiana Revised Statute § 15:540, *et seq.*, is unconstitutional under the Fourteenth Amendment because its language does not mandate that a court make an indigency determination before imprisoning a defendant. Rec. Doc. 83 at 13. Plaintiff further contends that his

claim is now a "facial challenge to the Registry Statute." Rec. Doc. 83 at 13. This is unpersuasive.

In plaintiff's complaint, he requests a temporary restraining order, or in the alternative injunctive relief barring defendants from "arresting" plaintiff for failure to pay community notification fees and recalling all outstanding warrants relating to non-compliance with sex offender registration and community notification requirements. Rec. Doc. 34 at 17. Further, plaintiff requests that this court: "[i]ssue a declaratory judgment that the lack of a general fee waiver provision in the Louisiana Sex Offender Registration law for indigent persons who have paid some but not all fees is unconstitutional *as applied* to [plaintiff] according to the Fourth and Fourteenth Amendments to the United States Constitution." *Id*.

The United States Supreme Court decision *Bearden v. Georgia* is not applicable to the facts of this case as the requested relief seeks a declaratory judgment that Louisiana Revised Statute 15:540, *et seq.*, is unconstitutional *as applied* to plaintiff. Rec. Doc. 34 at 17. *Bearden v. Georgia* requires that, in a revocation proceeding for failure to pay a fine or restitution, a "sentencing court must inquire into the reasons for the failure to pay" and determine if "the probationer willfully refused to pay or failed to make sufficient bona fide efforts to legally acquire the resources to pay" before revoking a defendant's probation or

imposing a sentence of imprisonment. *Bearden v. Georgia*, 461 U.S. 660, 672 (1983). If a probationer cannot pay after making "bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment." *Id.* at 672.

   *Bearden* concerns what a *court* must do to ensure that they do not erroneously deprive an indigent client of their liberty, for the sole reason that they are indigent. *See generally Bearden*, 461 U.S. 660. *Bearden* does not require that a state official enforcing a state law make an indigency determination before arrest, rather *Bearden* instructs that a "sentencing court" must take procedural safeguards to prevent the jailing of indigent offenders. *Id.* at 672. This inquiry is for the *court* to conduct, and not for defendants LSP or Defendant to engage in prior to arrest or issuance of a warrant. Further, plaintiff has available the means to challenge his conviction when and if he is arrested for non-compliance with the community notification provisions in the statute.[7]

   Therefore, defendants LSP and NOPD should not be precluded from performing their duties as officers of the state, particularly that of arresting individuals who fail to meet the requirements of

---

[7] Plaintiff may allege that his notification duty be waived or modified due to his indigency. LA. REV. STAT. § 15:544.1. Further, plaintiff may file a pre-trial motion to quash in light of *Bearden's* requirements. *See State v. Jones*, 2015-500 (La. App. 5 Cir. 12/23/15); 182 So. 3d 1218.

the Louisiana Sex Offender Registration and Community notification requirements. Thus, plaintiff is not entitled to summary judgment with respect to a permanent injunction for the unconstitutionality of the Registry Statute, as *Bearden* does not mandate that arresting officers make indigency determinations, but rather requires a court to make that determination, after lawful arrest. Because *Bearden* is not applicable to the facts of this case, plaintiff is unable the challenge the constitutionality of those statutes under the *Bearden* analysis respecting instant law enforcement parties.

**F. Fourth Amendment**

Plaintiff alternatively contends that defendants' enforcement of the Registry Statute violates plaintiff's Fourth Amendment Rights under the United States Constitution, to be free from arrest without probable cause. Rec. Doc. 73-1 at 15. However, plaintiff's claim that his Fourth Amendment rights have been violated still rests on *Bearden*, as plaintiff contends that willfulness must be taken into account in order to find probable cause to arrest for violation of the Registry statute. As stated above, *Bearden* is not applicable to the facts of the instant matter. *Bearden* mandates what a *court* must take into account before sentencing an indigent defendant, not the analysis that police officers must engage in to effectuate an arrest. Therefore, as the statute does not take intent or willfulness to pay applicable registration or community notification fees, there is no requirement that law enforcement

officers enforcing the statute determine that plaintiff has willfully refused to pay his required fees. Accordingly, plaintiff's claim that his Fourth Amendment rights have been violated for failure to establish probable cause fails, as *Bearden* is not applicable.

G. **Permanent injunction**

The legal standard for obtaining a permanent injunction mirrors the legal standard for obtaining a preliminary injunction. *Lionhart v. Foster*, 100 F. Supp. 2d 383, 385-386 (E.D. La. 1999). A plaintiff must demonstrate "(1) actual success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest." *Causeway Med. Suite v. Foster*, 43 F. Supp. 2d 604, 610 (E.D. La. 1999). However, the difference between the legal standard for a preliminary injunction and a permanent injunction is that the Plaintiff must demonstrate actual success on the merits and not just a likelihood of success. *Lionhart*, 100 F. Supp. 2d 383, 386.

Here, plaintiff's claim that he is entitled to a permanent injunction does not meet the first prong of the test to determine whether a permanent or preliminary injunction is warranted. Plaintiff is unable to show that he will have actual success on the merits of his claim, or even a likelihood of success, as

*Bearden* is not applicable to the facts of this case, and all of plaintiffs claims rest on *Bearden*. Those claims do not show that plaintiff is entitled to actual success on the merits, and therefore plaintiff is not entitled to a permanent nor preliminary injunction.

New Orleans, Louisiana this 8th day of July 2020.

_____

SENIOR UNITED STATES DISTRICT JUDGE